# DISTRICT COURT OF THE VIRGIN ISLANDS
# DIVISION OF ST. CROIX

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>(Rural Development f/k/a Farmers Home Administration),<br><br>    Plaintiff,<br><br>  v.<br><br>RUTH A. DUBLIN and<br>WALTER E. DURANT, JR.,<br><br>    Defendants. | Civil Action No. 2014-0108 |

**Attorneys:**
**Angela P. Tyson-Floyd, Esq.,**
St. Croix, U.S.V.I.
  *For Plaintiff*

**Ruth A. Dublin,** *Pro Se*
**Walter E. Durant, Jr.,** *Pro Se*
St. Croix, U.S.V.I.

## MEMORANDUM OPINION

**Lewis, Chief Judge**

  THIS MATTER comes before the Court on the unopposed Motion for Summary Judgment filed by Plaintiff United States of America (Rural Development f/k/a Farmers Home Administration) (the "United States") against Defendants Ruth A. Dublin and Walter E. Durant, Jr. on October 26, 2015. (Dkt. No. 16). For the reasons discussed below, the Court will grant the Motion.

### I. BACKGROUND

  On December 15, 2014, the United States filed a Complaint for debt and foreclosure against Defendants Ruth A. Dublin ("Dublin") and Walter E. Durant, Jr. ("Durant"). (Dkt. No. 1). The

United States alleged that, on May 5, 1992, Dublin and Durant executed and delivered to the United States, acting through Rural Development (also known as Rural Housing Service, an agency of the U.S. Department of Agriculture), a Promissory Note (the "Note") in which they promised to pay the United States $85,000.00, plus interest at the rate of 8.2500% per annum, and to pay $627.00 in monthly installments beginning on June 5, 1992. *Id.* ¶ 5. As security for payment on the Note, on the same day, Dublin and Durant executed and delivered to the United States a Mortgage encumbering the following property ("the Property") described as:

> Plot No. 571, Estate Work and Rest, Company Quarter, St. Croix, U.S. Virgin Islands, consisting of 0.3328 U.S. acres, more or less, as more fully shown on P.W.D. Drawing No. 4635 dated August 29, 1990, as revised April 4, 1991.

*Id.* ¶ 6. The Complaint alleged that, on May 5, 1992, Dublin and Durant also entered into a Subsidy Repayment Agreement with the United States, providing for the United States to recapture interest credits granted to them upon foreclosure of the Mortgage. *Id.* ¶ 7.

In addition, the Complaint provided that, on February 20, 1996, Dublin, Durant, and the United States entered into a Reamortization and/or Deferral Agreement ("First Reamortization Agreement") which provided that a $648.00 payment would be due on April 5, 1996 and that installments in that amount would be due and payable monthly, with the final installment due on May 5, 2025 if not paid sooner. *Id.* ¶ 8. On September 14, 1999, Dublin, Durant and the United States entered into another Reamortization Agreement ("Second Amortization Agreement"), which provided that a $672.35 payment would be due on October 5, 1999 and that installments in that amount would be due and payable monthly, with the final payment due on May 5, 2025 if not paid sooner. *Id.* ¶ 9.

The Complaint further alleged that Dublin and Durant defaulted under the terms and conditions of the Note, Mortgage, and Reamortization Agreements by failing to pay the monthly

installment due on October 5, 2002 and all subsequent installments. As of the date of the Complaint, the default had not been cured. *Id.* ¶¶ 10-11.

The Complaint provided that the following sums were due under the Note as of October 1, 2014: $81,712.57 in principal and advances; $81,431.33 in interest from September 5, 2002 through October 1, 2014; and costs and fees for taxes and insurance of $44,003.15; for a total due of $207,147.05. That sum accrues interest at the rate of $18.4693 per diem until the date of Judgment, and at the legal rate of interest, pursuant to 28 U.S.C. § 1961, thereafter. *Id.* ¶ 12.

The United States sought judgment against Dublin and Durant, *inter alia*, for all amounts due under the Note and foreclosure of the Mortgage. *Id.* at p. 5.

On December 23, 2014, separate waivers of service by Dublin and Durant were filed. (Dkt. Nos. 3 and 4, respectively). On March 18, 2015, appearing *pro se,* Dublin and Durant filed an Answer to the Complaint. (Dkt. No. 5). A number of status conferences were held in this case, after which the United States filed its Motion for Summary Judgment on October 25, 2015. (Dkt. No. 16). The United States also filed a Statement of Undisputed Facts (Dkt. No. 17) and a Memorandum in support of its Motion for Summary Judgment. (Dkt. No. 18).

In its Memorandum, as supported by its Statement of Undisputed Facts, the United States contends that it is authorized to foreclose on the Property because: (1) Dublin and Durant executed and delivered the Note, Mortgage, and two Reamortization Agreements to the United States, in which they promised to pay the debt owed, and pledged the Property as security for the debt; (2) Dublin and Durant have failed to make payments under the terms of the Note and Reamortization Agreements, and are in default; (3) the United States demanded immediate payment of the entire unpaid principal, accrued interest, and other charges due under the Note, to no avail; and (4) as of September 30, 2015, Dublin and Durant were indebted to the United States in the amount of $219,288.40, plus interest which continues to accrue until the date of judgment. (Dkt. No. 18 at 4).

Since neither the note or status of the payments is disputed, the United States asserts that summary judgment in its favor is appropriate. *Id.*

Attached to its Statement of Undisputed Facts, the United States included a Declaration on the Certification of Government Records signed by Kimme R. Bryce, Area Director, United States Department of Agriculture, who had personal knowledge of the documents executed by Dublin and Durant, which were maintained as part of the United States' business records. (Dkt. No. 17-3). Ms. Bryce also signed a Certificate of Indebtedness, attached to her Declaration, certifying that Dublin and Durant were indebted to the United States in the amount stated on the attached Payoff Information Sheet, which itemized how the interest and costs on the account were calculated. (Dkt. No. 17-2).

The Payoff Information Sheet provided that, as of September 30, 2015, Dublin and Durant were indebted to the United States in the principal amount of $81,712.57; plus accrued interest from September 5, 2002 to September 30, 2015 in the amount of $88,154.17; plus late charges of $2,828.83; plus taxes, insurance, and title search fees of $33,455.47; plus interest on those fees of $13,137.36; for a total indebtedness of $219,288.40. In addition, $18.4693 in per diem interest on the principal and $7.5619 in per diem interest on the fees accrues from October 1, 2015 until the date of Judgment. (Dkt. No. 17-2).

Dublin and Durant did not respond to the United States' Motion for Summary Judgment.

## II.   APPLICABLE LEGAL PRINCIPLES

To prevail on a motion for summary judgment, a movant must show that there is "no genuine dispute as to any material fact," and that, on the uncontroverted facts, it is "entitled to judgment as a matter of law." FED. R. CIV. P. 56(a); *see also Bonkowski v. Oberg Indus.*, 787 F.3d 190, 195 n.1 (3d Cir. 2015). The moving party bears the initial burden of demonstrating the absence of a genuine dispute of material fact. *Mahoney v. McDonnell*, 2015 U.S. App. LEXIS 10662, at

*10 (3d Cir. June 24, 2015) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986)). Once the moving party has met this burden, the non-moving party "must set forth specific facts showing a genuine issue for trial and may not rest upon mere allegations, general denials, or . . . vague statements." *Patterson v. Glory Foods, Inc.*, 555 F. App'x 207, 211 (3d Cir. 2014) (quoting *Quiroga v. Hasbro, Inc.*, 934 F.2d 497, 500 (3d Cir. 1991) (internal quotation marks omitted; alteration in original)); *see also* FED. R. CIV. P. 56(c). A genuine issue of material fact exists when the fact-finder, viewing the record evidence, could rationally find in favor of the non-moving party. *See Anderson*, 477 U.S. at 248. When a genuine issue of material fact exists, summary judgment is inappropriate. *See Fontroy v. Beard*, 559 F.3d 173, 182 (3d Cir. 2009) (citations omitted).

"'Generally, debt actions are well suited for summary judgment. Because of the relative simplicity of the issues involved, suits to enforce promissory notes are among the most suitable classes of cases for summary judgment.'" *LPP Mortgage, Ltd. v. Ferris*, 2014 WL 2459802, at *4 (D.V.I. June 2, 2014) (quoting *Pemberton Sales & Serv., Inc. v. Banco Popular de Puerto Rico*, 877 F. Supp. 961, 971 (D.V.I. 1994)). To succeed on a debt and foreclosure action, the plaintiff must show: (1) the debtor executed a promissory note and mortgage; (2) the debtor is in default under the terms of the note and mortgage; and (3) the lender is authorized to foreclose on the property mortgaged as security for the note. *Id.* at *5 (D.V.I. June 2, 2014) (citing *Thompson v. Fla. Wood Treaters, Inc.*, 2009 WL 4730794, at *3 (D.V.I. Dec. 6, 2009)).

### III.   ANALYSIS

The record shows that Dublin and Durant executed the Note, Mortgage, and Subsidy Repayment Agreement on May 5, 1992 in favor of Plaintiff United States (Rural Development). (Dkt. Nos. 1-1, 1-2, 1-3). On February 20, 1996, Dublin and Durant executed the First Reamortization Agreement in favor of the United States (Dkt. No. 1-4) and, on September 14, 1999, they executed the Second Reamortization Agreement. (Dkt. No. 1-5). The Government has

also shown that Dublin and Durant defaulted on the Note, Mortgage, and Reamortization Agreements as of October 5, 2002. (Dkt. No. 17-2). The United States accelerated the loan and demanded payment, but Dublin and Durant did not cure the default. (Dkt. No. 17-1). The Mortgage provides that, should default occur, the United States may enforce available rights and remedies, including acceleration of the Note and foreclosure sale. (Dkt. No. 1-2, ¶¶ 17, 18).

There is no genuine issue of material fact that the debt owed the United States by Dublin and Durant is in default and has not been paid despite demand. All the elements for summary judgment having been met, the Court will grant Plaintiff's Motion for Summary Judgment against Defendants Dublin and Durant.

### IV. CONCLUSION

For the reasons discussed above, the Court will grant Plaintiff's Motion for Summary Judgment against Defendants Ruth A. Dublin and Walter E. Durant, Jr. (Dkt. No. 16).

An appropriate Judgment and Order accompanies this Memorandum Opinion.

Date: July 18, 2016                            _____/s/_____
                                                            WILMA A. LEWIS
                                                            Chief Judge